[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13009
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-03449-MHC


MARTHE BIEN-AIME,
R.N.,

                                        Plaintiff - Appellant,

versus

OFFICER CHRISTY VICE,
LT. MARK TINKEY,
OFFICER C. L. HYATT,
OFFICER SHAWN HUMPHREYS,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 4, 2015)

Before TJOLAT, WILSON, and JILL PRYOR, Circuit Judges.

PER CURIAM:

We vacate our prior opinion in this appeal, *Bien-Aime v. Vice*, No. 15-13009 (11th Cir. Nov. 13, 2015), and substitute for it this one.  In all other respects, the appellant's petition for rehearing, insofar as it is addressed to the panel, is denied.

Marthe Bien-Aime is a registered nurse who would not let City of Lawrenceville Police Officers enter the mental health facility where she was working as a charge nurse without first obtaining permission from her supervisor. The officers explained to Bien-Aime that they had a warrant to arrest a patient accused of sexually assaulting another patient.  Bien-Aime informed the officers that she had a responsibility to protect her patients, and a struggle ensued resulting in her arrest for obstruction.  The district attorney voluntarily dismissed the charges against her.  Bien-Aime then brought this action against Officers Vice, Tinkey, Hyatt and Humphreys, asserting a constitutional claim under 28 U.S.C. § 1983. Bien-Aime alleged in her complaint that the officers used excessive force in conducting her arrest including throwing her to the floor, handcuffing her tightly and then tasing her while handcuffed. The district court granted summary judgment to all four officers and Bien-Aime appeals.

In *Tolan v. Cotton*, 134 S. Ct. 1861 (2014), the Supreme Court emphasized the importance of viewing the evidence and drawing factual inferences in favor of

2

the nonmovant when the district court considers a motion for summary judgment. *Id.* at 1865.  On de novo review, we are also obligated to view all evidence and factual inferences therefrom in the light most favorable to the nonmovant.  *Id.*  If there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P 56(a).

On appeal, Bien-Aime argues that the district court failed to construe the evidence in the light most favorable to her, and that reasonable jurors could find that there was either no need for the officers to use any force at all, or alternatively, that the level of force they used was excessive under the circumstances.

Contrary to Bien-Aime's argument, the district court viewed the evidence presented by the parties in the light most favorable to Bien-Aime with regard to the central facts in the case and drew all justifiable inferences in her favor.  The facts in the light most favorable to Bien-Aime show that she resisted the officers' attempts to execute a valid arrest warrant.  The officers used no more force than was necessary in response to her repeated refusal to comply with their lawful commands.  The amount of force they used to overcome her resistance was not excessive.

Furthermore, Bien-Aime is unable to meet her burden of proving that the officers violated clearly established law.  The officers are entitled to qualified immunity from liability in their individual capacities if their conduct "does not

3

violate clearly established statutory or constitutional rights of which a reasonable [officer] would have known." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (internal quotation marks omitted). "An officer will be entitled to qualified immunity if his actions were objectively reasonable, that is if an objectively reasonable officer in the same situation could have believed that the force used was not excessive." *Id.* In the Fourth Amendment context, we determine whether excessive force was used by asking "whether a reasonable officer would believe that [the] level of force [was] necessary in the situation at hand." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002) (internal quotation marks omitted). Here, considering Bien-Aime's repeated refusal to comply with the officers' directive, and the de minimus force used, we cannot say that the officers violated any clearly established law. In this Circuit, "we recognize that the typical arrest involves some force and injury." *Rodriguez v. Farrell*, 280 F.3d 1341, 1351 (11th Cir. 2002).

Therefore, viewing the evidence in the light most favorable to Bien-Aime and carefully evaluating the circumstances of this case, we agree with the district courts that the force used by the officers during their arrest of Bien-Aime did not violate the Constitution.

We affirm the grant of summary judgment to defendants.

**AFFIRMED.**

4